IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DEYVONN SWAIN, )<br>           )<br>   Plaintiff, )<br>           )<br>v.           )<br>           )<br>PREMIER DEALER SERVICES, INC., )<br>           )<br>   Defendant. ) | Case No. CIV-21-00771-JD |

## **ORDER**

The Court is in receipt of the parties' Joint Motion to Modify Scheduling Order ("Motion"). [Doc. No. 38]. Upon review of the Motion, the Court has determined that supplementation is warranted.

The Motion states that "the parties have recently become aware that there is a manufacturer recall that may affect the vehicle at issue." Motion at 1. But the Motion fails to identify the specific recall or when Kia issued it. The Motion also fails to make any connection between the recall and the damages claimed in the complaint, and how, specifically, the recall impacts this case. As a result, the Court is unable to analyze whether this recall constitutes good cause for a three-month extension.

Similarly, the Motion states that "[i]f the vehicle is affected by the recall, that will change the nature and extent of Plaintiff's damages." *Id*. But of course, the inverse is also presumably true. If the vehicle is not affected by the recall, there does not appear to be any cause for an extension. The Motion should therefore demonstrate whether the vehicle is actually affected by the recall, which can presumably be very quickly determined by a

VIN search for recalls. If this information is unascertainable for some reason, the parties should explain why.

The Court therefore ORDERS any party seeking to have the Court grant the Motion to file a supplement to the Motion that satisfies this Order **by April 11, 2022**. The scheduling-order deadlines are <u>not</u> extended or stayed pending resolution of the Motion.

IT IS SO ORDERED this 8th of April 2022.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE